*172 OPINION
By STEVENS, J.
The plaintiffs below instituted their action against defendant to recover damages for alleged malicious prosecution, which claim arose by reason of replevin of a refrigerator by defendant from plaintiffs.
The facts briefly are as follows:
The plaintiffs bought a refrigerator from a retail store known as M. & D. Appliance Co., paying part cash therefor and Mrs. Norcross executing a note and mortgage for the balance, with the agreement that if the balance were paid in 90 days no carrying charges should be paid.
The note and mortgage ran to defendant, but all payments made upon the purchase price were paid to K. & D. Appliance Co., and receipts therefor were executed and delivered by them to Norcross.
Within the agreed time, the entire balance was paid to K. & D. Appliance Co., and receipts in full issued by it to Norcross; and from time to time the agents of defendant, with the knowledge and at the direction of defendant, collected the payments made to K. & D. Appliance Co., its agent for that purpose.
About six months after the account had been paid in full to K. & D. Appliance Co., the plaintiffs were notified by defendant to make all future remittances to defendant.
It appears the K. & D. Appliance Co. did not remit to defendant all the money paid by plaintiffs to it, and, the records of defendant showing Norcross to be in default, demand for payment was made by defendant on Norcross.
Thereafter, the receipts issued by K. & D. Appliance Co., showing payment in full by Norcross, were exhibited to defendant and its attorneys, but, in spite of this information, defendant, upon the alleged advice of its counsel, replevied the refrigerator from plaintiffs, and dispossessed plaintiffs thereof.
The replevin action resulted favorably to Norcross in the Municipal. Court and the Court of Common Pleas, and also in the Court of Appeals.
Thereafter, this action was instituted by plaintiffs, and trial thereof to a jury resulted in the return of a verdict for plaintiffs in the sum of $$3500. Remittitur of $2500 having been consented to by plaintiffs, judgment for $1000 was entered.
Appeal on questions of law ensued, wherein the following errors are assigned:
E Error in refusing to sustain defendant’s motion for judgment on the pleadings and opening statement.
2. Error in the admission of evidence.
3. Error in denying defendant’s motions to direct a verdict at the close of plaintiffs’ evidence, and at the close of all the evidence.
4. Error in the charge of the court.
5. Error in overruling defendant’s motions for judgment non obstante veredicto and for a new trial.
The motion which is the basis for the' first claim of error was properly overruled. It was necessary for the trial court to construe the petition and the opening statement of counsel for plaintiffs most favorably to the plaintiffs. So construed, the petition and opening statement are not properly subject *173 to the complaints made concerning them, the petition expressly stating that both of plaintiffs are the owners of said refrigerator.
The second error urged deals with the admission into evidence of the deposition of Chas. R. Bay-sore. It is contended that there was no proper showing to the court, before the admission into evidence of the deposition, as required by §11525 GC, that Baysore was not within the jurisdiction of the court.
We do not find that contention to be borne out by the record, but we do find that the court did not abuse its discretion in admitting the deposition into evidence, and we are of the opinion that no prejudicial error intervened by reason of its admission.
The third and principal ground of error urged by appellant is that the trial court should have sustained defendant’s motion to direct a verdict in its behalf, which motion was made at the conclusion of all of the evidence, because the evidence conclusively showed that the defendant at all times acted in good faith and upon the advice of counsel.
This contention is of necessity bottomed upon the proposition that the evidence, considered as a whole, was so clear and convincing that reasonable minds could not conclude otherwise than that defendant had acted upon the advice of counsel.
There are many elements entering into the defense of advice of counsel, among which are—
1. Was the advice of counsel in fact obtained?
2. Was a full and fair disclosure of all the facts made by defendant to his counsel?
3. Was reasonable diligence exercised by defendant in ascertaining the true facts? _ -
4. Did defendant in good faith seek and follow the advice given by his counsel?
Upon the evidence contained in this record, we are unable to say that there was made so clear a showing that the court was required to determine as a matter of law that defendant haa established the defense of advice of counsel. We are of the opinion that the question was one properly submissible to the jury for its determination, and that the court did not err in denying defendant’s motions to direct a verdict, made at the conclusion of plaintiffs’ evidence and at the end of all the evidence. •
We find no prejudicial error in the charge of the trial court, and we are unable to conclude that the verdict was rendered under the influence of passion and prejudice.
The last assignment of error is predicated upon the contention that the issues in the instant case are res adjudicata, by reason of the decision of the Municipal Court of Cincinnati in the replevin action.
Sec. 12069 GC, provides:
“When the property is delivered to the plaintiff, or remains in the hands of the sheriff, as hereinbefore provided, if, upon issue joined, the jury finds for the defendant, they also shall find whether he had the right of property, or the right of possession only, at the commencement of the suit. If they find either in his favor, they shall assess to him such damages as they think are proper, for which, with costs of suit, the court shall render judgment in his favor.”
Sec. 10474 GC, states:
“When judgment is rendered *174 against the plaintiff, or if he fails to prosecute his action to final judgment, on application of the defendant or his attorney, the justice shall impanel a jury to inquire into the right of property, and right of possession of the defendant to the property taken. If the jury is satisfied that it was the property of the defendant at the commencement of the action, or if they find that he was entitled to the possession only of it at such time, then, in either case, they shall assess such damages for the defendant as are right, for which, with costs of suit, the justice shall render judgment for him and also order any property in the constable’s possession to be -delivered to him.”
This record discloses no application of the defendant in the replevin action for the impaneling of a jury to inquire into the right of property and to assess damages, nor does it reveal that such hearing was had.
The fact that plaintiffs had a right to limit themselves, upon their application, to an inquiry of their damages flowing from the wrongful replevin, in a court of limited jurisdiction, does not, in our opinion, foreclose them from pursuing their remedy by an action for malicious prosecution in the Court of Common Pleas, especially where such inquiry was not in fact had in the Municipal Court.
However, the proceeding for damages in the Municipal Court, had such been instituted,' would have been limited to a consideration of the damages which grew out of the wrongful taking of the property of plaintiff.
The instant case involves not the question of damages occasioned by the taking or retention of the property replevied, but the question of damages flowing from the unwarranted institution and prosecution, of the replevin action, which resulted in plaintiffs’ favor.
The issues in the two actions are not the same, and therefore one essential element in the doctrine of res ad judicata is absent. Accordingly, the doctrine cannot properly be applied.
We are of the opinion that substantial justice has been accomplished between the parties to this action, and the judgment will be affirmed.
Judgment affirmed.
WASHBURN, PJ., and DOYLE, J., concur.